**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4514**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

LAQURONE TRANKIL KINNEY,

                    Defendant – Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(4:08-cr-00622-TLW-1)

Submitted:  July 29, 2010              Decided:  August 23, 2010

Before WILKINSON, GREGORY, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina; Edye Moran, Assistant Federal Public
Defender, Columbia, South Carolina, for Appellant.  Rose Mary
Sheppard Parham, Assistant United States Attorney, Florence,
South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Laqurone Trankil Kinney pled guilty without a plea agreement to one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2006), and was sentenced to 112 months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless discusses whether the district court erred when it accepted Kinney's guilty plea, and whether the district court properly calculated Kinney's Guidelines range. Kinney filed a pro se supplemental brief, arguing that the district court erred when it applied the first-degree attempted murder cross-reference to determine his base offense level for his offense. The Government declined to file a responsive brief. Concluding that no reversible error occurred, we affirm.

First, we hold that the district court committed no error when it accepted Kinney's guilty plea. Prior to accepting a guilty plea, a trial court, through colloquy with the defendant, must inform the defendant of, and determine that the defendant understands the nature of, the charges to which the plea is offered, any mandatory minimum penalty, the maximum possible penalty he faces, and the various rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b). "In

2

reviewing the adequacy of compliance with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991).

Because Kinney did not move the district court to withdraw his guilty plea, any errors in the Rule 11 hearing are reviewed for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Kinney] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007) (citation omitted). Even if Kinney satisfies these requirements, the court retains discretion to correct the error, which it should not exercise "unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks, brackets and citations omitted).

The record reveals that the district court complied with Rule 11's requirements, ensuring that Kinney's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. Accordingly, we hold that no error, plain or otherwise, was committed during the district court's acceptance of Kinney's guilty plea and affirm Kinney's conviction.

We also affirm Kinney's sentence. Kinney's presentence investigation report properly placed him in a category III criminal history and attributed him with a total offense level of thirty-two, based on the attempted first-degree murder cross-reference, yielding a Guidelines range of 151 to 188 months in prison. Due to the ten-year statutory maximum, in accordance with 18 U.S.C. § 924(a)(2) (2006), however, the district court properly recognized that Kinney's Guidelines range was 120 months, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 5G1.1(a) (2008). Given the testimony presented at Kinney's sentencing hearing, we find no clear error in the district court's decision to calculate Kinney's total offense level using the first-degree attempted murder cross-reference. See 18 U.S.C. § 1111 (2006) (defining first-degree murder); USSG § 2A2.1(a)(2) (2008) (providing base offense level thirty-three if "object of the offense would have constituted first degree murder" if successful).

We also find that no reversible error occurred during the district court's sentencing hearing. Although the district court took testimony from numerous witnesses concerning the applicability of the attempted first-degree murder cross-reference and appropriately heard counsel's argument at sentencing regarding Kinney's objections to his Guidelines range calculation, the district court correctly overruled those

4

objections.  The district court entertained counsel's argument regarding the weight that should be afforded the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors, gave Kinney an opportunity to allocute, and considered the § 3553(a) factors before imposing Kinney's sentence.  We find no reversible error in the district court's explanation for its 112-month sentence and "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance."  See United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007) (internal quotation marks and citation omitted).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Kinney, in writing, of the right to petition the Supreme Court of the United States for further review.  If Kinney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Kinney.  We dispense with oral argument because the facts and legal contentions are adequately presented in the

materials before the court and argument would not aid the decisional process.

AFFIRMED